UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RYAN,

        Plaintiff,

v.

        Case No. 24-cv-10672
        Hon. Mark A. Goldsmith

STATE OF MICHIGAN et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING CASE, (2) DENYING PLAINTIFF'S REQUEST FOR A DEFICENCY ORDER (Dkt. 6), (3) DENYING PLAINTIFF'S MOTION TO EXTEND ANY DEADLINE (Dkt. 8), AND (4) DENYING PLAINTIFF'S MOTION FOR THE COURT TO ACCEPT MISSING COPIES OF EXHIBITS (Dkt. 10)**

This is a prisoner civil rights case. Plaintiff Sean Ryan is presently in the custody of the Michigan Department of Corrections (MDOC). Ryan suffers from multiple chronic conditions that cause him severe pain. In his complaint, Ryan alleges that numerous Defendants violated his Eighth Amendment rights by intentionally delaying and denying treatment for his pain.[1] Having reviewed the matter, the Court concludes that the complaint must be dismissed.

### I. BACKGROUND

The claims giving rise to the complaint occurred at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Ryan states that he has over 27 chronic medical conditions that cause him severe pain, each identified in the complaint. See Compl. at PageID.11 (Dkt. 1). On

---

[1] Ryan names the following Defendants: the State of Michigan, workers from the Bureau of Health Care Services, Director Heidi Washington, Warden Cargor, Health Unit Manager Serina Landfair, Unknown Nursing Supervisor, Unknown Nurses 1–4, Nurse Kenneth Scott, Nurse Stephen McAnally, Nurse Alissa Bryant, Nurse Sophia Bradley, and Grievance Coordinator Cobb.

February 19, 2024, he began seeking daily medical care for his chronic conditions. Id. at PageID.21. He claims that most of his kites requesting medical attention went ignored or he received few responses. Id. On February 22, 2024, Ryan met with Unknown Nurse 1 to complain that he was in severe back pain. Id. The nurse told Ryan that she would not refer him to the medical provider at that time and that he would need to wait until his upcoming chronic care appointment. Id. Ryan was provided with Tylenol and Ibuprofen, which he claims the nurse understood were insufficient to ease the pain. Id. Ryan claims that Nurse Brown, who is not a Defendant in this action, explained to him that pain did not require immediate medical attention under MDOC policy and operating procedure. Id. at PageID.21–22. Ryan continued to submit kites seeking medical attention and filed over 20 medical requests before initiating this action. Id. at PageID.22–24. He claims that Defendants either did not respond to the kites or, if they did, they told him that he needed to wait until his upcoming chronic care appointment. Id. at PageID.24. Ryan was then placed on modified access to grievance procedure. Id. at PageID.25.

Ryan raises claims concerning violations of his Eighth Amendment rights. He claims that Defendants Unknown Nurses 1–4, Scott, McAnally, Bryant, and Bradley intentionally delayed and denied him treatment for his pain. Id. at PageID.26. He further claims that he notified Defendants Landfair, Cargor, Washington, Unknown Nurse Supervisor, and the Bureau of Health Care Services of the constitutional violations, but no action was taken. Id. He claims these Defendants failed to properly train, supervise, and discipline their subordinate employees. Id. at PageID.25. Additionally, Ryan asserts that Grievance Coordinator Cobb wrongfully denied him grievance forms and contributed to the delay in his medical care. Id. at PageID.27.

## II. ANALYSIS

Ryan is proceeding without prepayment of the fees and costs in this action. See 4/24/24 Order (Dkt. 7). Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Id. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting

3

Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–556 (punctuation modified).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (i) he or she was deprived of a right, privilege, or immunity secured by the United States Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155–157 (1978). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The Court concludes that Ryan's complaint is subject to dismissal for several reasons.

First, the State of Michigan must be dismissed from this action because it is immune from suit. The Eleventh Amendment protects states, their departments, and agencies from suit in federal court for injunctive relief or damages by their own citizens or citizens of another state. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Mich. Interlock, LLC v. Alcohol Detection Sys., LLC, 360 F. Supp. 3d 671, 676 (E.D. Mich. 2018), aff'd, 802 F. App'x 993 (6th Cir. 2020). Without clear abrogation of a state's immunity under a valid exercise of power, it may not be sued without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984). Michigan has not consented to civil rights suits in federal court. Johnson v. Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004). Therefore, the Court dismisses the State of Michigan from this action.

Second, Ryan's Eighth Amendment claims against Heidi Washington, the Bureau of Health Care Services workers, Warden Cargor, Health Unit Manager Serina Landfair, and Unknown Nursing Supervisor (and any other Defendant) based upon their supervisory roles over

other employees must dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. Monell v. Department of Social Svs., 436 U.S. 658, 691-92 (1978); Turner v. City of Taylor, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Here, Ryan alleges that these Defendants failed to properly supervise, train, and discipline their subordinate employees. Compl. at PageID.25. However, he does not allege facts showing that any claimed injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. See Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–557; Moldowan v. City of Warren, 578 F.3d 351, 390–391 (6th Cir. 2009). Consequently, Ryan's claims against Washington, Cargor, Landfair, and the Nursing Supervisor must be dismissed for failure to state a claim upon which relief may be granted.

Similarly, Ryan fails to allege sufficient facts showing that Defendants Unknown Nurses 2, 3, and 4, Nurse Kenneth Scott, Nurse Stephen McAnally, Nurse Alissa Bryant, and Nurse Sophia Bradley were personally involved in violating his constitutional rights. As discussed, a civil rights plaintiff must allege the personal involvement of a defendant to state a claim. Monell, 436 U.S. at 691-692. Here, Ryan broadly alleges that these Defendants "violated [his] Eighth Amendment and Michigan Constitutional Article 1 §16 right to be free from cruel and unusual punishment by intentionally delaying and denying [his] [n]eeded medical care for the severe pain . . . ." Compl.

at PageID.26. Ryan fails to allege in any detail how each Defendant contributed to the delay and denial of his medical care. His allegations are too general to discern each Defendant's personal involvement. As stated, conclusory allegations will not suffice to state a claim. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–557; Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002) (noting that the "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right") (emphasis in original). Accordingly, the Court dismisses Defendants Unknown Nurses 2, 3, and 4, Scott, McAnally, Bryant, and Bradley from the case.

Third, Ryan's claims against Grievance Coordinator Cobb must be dismissed for failure to state a claim. Ryan alleges that Cobb "tried to cover up the abuse and constitutional violations" by refusing to provide him with grievance forms. Compl. at. PageID.27. Ryan further contends that he was falsely placed on modified access to the grievance process.

Prisoners have a First Amendment right to file nonfrivolous grievances against prison officials. Maben v. Thelen, 887 F.3d 252, 264 (6th Cir. 2018). But abusive use of a grievance system is not protected conduct. Id. (citing King v. Zamiara, 680 F.3d 686, 699 (6th Cir. 2012)), and "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." Alder v. Corr. Med. Servs., 73 F. App'x 839, 841 (6th Cir. 2003). Moreover, the MDOC Police Directive 03.02.130 provides that a prisoner may be placed on modified access to the grievance process if the prisoner abuses the grievance process by, for example, filing an excessive number of grievances that are rejected. The restriction placed on Michigan prisoners who file excessive and meritless grievances "does not deny a Michigan prisoner the right or ability to seek redress for

6

meritorious grievances." Kennedy v. Tallio, 20 F. App'x 469, 470 (6th Cir. 2001). Instead, the restriction "entails seeking approval before a grievance may be filed." Davis v. Martin, 52 F. App'x 717, 718 (6th Cir. 2002). A claim that placement on modified grievance access violates a prisoner's constitutional right to seek redress of grievances or the right of access to the courts lacks merit. Kennedy, 20 F. App'x at 470–471.

Ryan's allegations that Cobb tried to cover up the Defendants' actions by refusing him grievances forms and placing him on modified access to the grievance procedure are unsupported and insufficient as a matter of law to state any plausible claim for relief. The complaint shows that Ryan filed approximately 21 medical requests from February 19, 2024 to March 7, 2024. Compl. at PageID.22–24. Ryan's excessive filing caused him to be placed on modified access, which required him to seek Cobb's approval before filing grievances. Ryan says that Cobb denied him grievance forms while on modified access. Id. at PageID.25. Cobb's denial of his requests and/or refusal to provide him with a grievance form was not a violation of his constitutional rights under these facts. Therefore, Defendant Cobb is dismissed from this case.

Finally, Ryan's claim that Unknown Nurse 1 violated his Eighth Amendment right by denying him treatment for his back pain and intentionally delaying his treatment lacks merit. The Eighth Amendment's cruel and unusual punishment clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (punctuation modified). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Miller v. Calhoun Cty., 408 F.3d 803, 812 (6th Cir. 2005) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

The Sixth Circuit has succinctly explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

Broyles v. Corr. Med. Servs., Inc., 478 F. App'x 971, 975 (6th Cir. 2012) (punctuation modified).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104–105. It is clear, however, that mere differences of opinion or disagreements between a prisoner and prison medical staff over the kinds of treatment a prisoner needs do not rise to the level of deliberate indifference. See Umbarger v. Corr. Med. Servs., 93 F. App'x 734, 736 (6th Cir. 2004). Courts distinguish between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, Ryan has sufficiently alleged the objective component of a deliberate indifference claim, in that he suffers from various chronic conditions, which cause him severe pain. With respect to the subjective component, however, Ryan has not alleged that the nurse acted with a sufficiently culpable state of mind. Specifically, where Ryan's allegations concern the nurse's decision to provide him with Tylenol and Ibuprofen for his pain, instead of referring him to the medical provider, his claim amounts to nothing more than a difference of opinion over the proper course of treatment, which does not rise to the level of an Eighth Amendment violation. Indeed, Ryan acknowledges that he received some medical treatment from the nurse, and he merely disputes the adequacy of that treatment.

For these reasons, his allegations are insufficient to state an Eighth Amendment claim. See Alspaugh, 643 F.3d at 169; Westlake, 537 F.2d at 860 n.5. Therefore, the Court dismisses Defendant Nurse 1 from the case.

### III. CONCLUSION

As all Defendants have been dismissed from this action, the Court concludes that Plaintiff's complaint must be dismissed with prejudice. The Court further denies Plaintiff's pending request to issue deficiency order (Dkt. 6), motion to extend any deadline (Dkt. 8), and motion to accept the missing copies of exhibits to Plaintiff's complaint (Dkt. 10). These motions are denied as moot because the complaint has been dismissed. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: July 23, 2024  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge